## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARY L. BLAGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-539-F |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying Mary Blagg's (Plaintiff) application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Court reverse and remand the Commissioner's decision.

## I.     Administrative proceedings.

In her application for benefits, Plaintiff alleged that her impairments became disabling in June 2008.   AR 104-107.   The Social Security

Administration (SSA) denied Plaintiff's claim, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 20-44. During the hearing, Plaintiff amended her alleged onset date to July 2010. *Id.* at 23. In his March 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 19. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-5, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will conduct a residual functional capacity (RFC)[2] assessment at step four to determine what, if anything,

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 416.912(e);

*Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir.

1993). Then, if Plaintiff makes a prima facie showing that she cannot engage

in prior work activity, the burden shifts to the Commissioner to show

Plaintiff retains the capacity to perform a different type of work and that

such a specific type of job exists in the national economy. *See Turner*, 754

F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims.

While Plaintiff presents several claims of error, the undersigned

recommends remand because the ALJ did not articulate any consideration of

Dr. Michael Wright's opinion regarding Plaintiff's physical limitations.

Accordingly, the undersigned will not address Plaintiff's remaining claims.

*See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not

reach the remaining issues raised by appellant because they may be affected

by the ALJ's treatment of this case on remand.").

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports

the ALJ's factual findings and whether the ALJ applied the correct legal

standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). To

that end, reversal is necessary if the ALJ failed "'to provide this court with a

sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## B. The ALJ's relevant findings.

The ALJ found that Plaintiff has severe "disorder of the back, shoulder problems resulting in pain in the neck and right arm, and depression." AR 12. He then found that with these severe impairments, Plaintiff: (1) has the RFC to perform light exertional work with some exertional and non-exertional limitations, and (2) can perform other jobs existing in significant numbers in the national economy. *Id.* at 14, 18-19.

## C. The ALJ's failure to consider Dr. Wright's treating source opinion.

Dr. Wright treated Plaintiff for her severe physical impairments. *Id.* at 197-234. Thus, under what is commonly referred to as the "treating physician rule," Dr. Wright's opinion is generally afforded greater weight than the opinions from non-treating sources. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). In particular, Dr. Wright's opinion is entitled to "'controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.'" *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citation omitted). If the ALJ believes that Dr. Wright's opinion is not

entitled to "controlling weight," he must "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons . . . for the weight assigned." *Id.* And, if the ALJ has grounds for rejecting Dr. Wright's opinion, he must articulate those "specific, legitimate reasons." *See Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (citation omitted). The undersigned agrees with Plaintiff that the ALJ failed to acknowledge Dr. Wright's opinion and therefore did not give specific and legitimate reasons for implicitly rejecting it.

The ALJ regurgitated Dr. Wright's treatment notes, AR 16, but failed to discuss or weigh the treating physician's opinion that Plaintiff has physical "restrictions of no lifting more than 10 pounds, no pushing or pulling more than 10 pounds, [and] limited overhead work," and has "achieved a point of maximum medical improvement from surgical intervention and post-operative rehabilitation." *Id.* at 197. If these limitations are applicable, Plaintiff is likely capable of only sedentary work. *See* 20 C.R.F. § 416.967(a). And because she is "closely approaching advanced age" and cannot perform past work, AR 17-18, if Plaintiff is limited to sedentary work, the Medical-Vocational Guidelines would likely direct a finding of "disabled." 20 C.F.R. pt. 404, subpt. P, App. 2 § 201.00(g).

The Commissioner concedes the ALJ's failure to weigh the opinion, Doc. 17, at 4, but offers only post hoc justifications for its implicit rejection. *Id.* at

5-7.   However, when "left with a treating source opinion, potentially dispositive as to disability, which the ALJ [ignored]," such "post hoc rationales run afoul of the general rule that we cannot uphold the agency's decision on grounds not provided by the agency itself." *Chrisman v. Colvin*, 531 F. App'x 893, 902 (10th Cir. 2013).   And, the Commissioner's related suggestion that the ALJ's error is harmless is equally unavailing.   Doc. 17, at 5-7.   Such an argument is possible when "we can follow the adjudicator's reasoning . . . and can determine that correct legal standards have been applied." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).   But when the ALJ's silence leaves the Court unable to determine whether correct legal standards were applied, reversal is warranted.   *See Byron*, 742 F.2d at 1235; *see also Julian v. Colvin*, No. CIV-12-1275-D, 2014 WL 258763, at *1, *4 (W.D. Okla. Jan. 23, 2014) (unpublished order) (adopting recommendation and rejecting the Commissioner's prompting to apply harmless error to the ALJ's misapplication of the treating physician rule where the ALJ's opinion left the court unable to determine if "correct legal standards were applied" and the ALJ's implicit rejection of the physician's opinion had a direct effect on the RFC finding).

## IV.   Recommendation and notice of right to object

For the reasons discussed above, the undersigned recommends that the Court reverse and remand the Commissioner's decision.

The parties are advised of their right to object to this report and recommendation by the 9th day of April, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 20th day of March, 2014.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE